## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Newco Holdings, L.L.C.,

                    Plaintiff,                  Case Number: 05-CV-71658-DT

v.                                      JUDGE PAUL D. BORMAN
                                      UNITED STATES DISTRICT COURT

Letco Medical, Inc.,

                    Defendants.

_____ /


## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404

Presently before the Court is Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404.

On April 27, 2005, Plaintiff filed the instant action alleging common law breach of contract, anticipatory breach of contract, a violation of the Lanham Act, a violation of the Michigan Consumer Protection Act ("MCPA") and requesting a declaratory judgment.

On July 1, 2005, Defendant filed its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. On August 3, 2004, Plaintiff filed its Brief in Opposition to Defendant's Motion to Transfer Venue. Defendant filed its reply brief on August 17, 2005.

## I.      BACKGROUND

Newco ("Plaintiff") is a limited liability company governed by the laws of Michigan with its principal place of business based in Chesterfield, Michigan. (Compl. ¶ 2). Letco ("Defendant") is a corporation organized under the laws of Alabama, with its principal place of

business in Decatur, Alabama. (*Id*. at ¶ 3). Plaintiff is the owner of technology which allows consumers to perform pulse oximetry tests at home. (*Id*. at ¶ 10). The software, called Power Ox, allows oximeter test results (blood oxygen content measurements) performed at home to be downloaded and monitored to a Palm handheld device and then uploaded to the Power Ox website. (Compl. ¶ 10; Def.'s Br. 1). Once uploaded to the Power Ox website, a report is prepared with the data and the information is transmitted to medical personnel who then decide how much oxygen a patient should receive. (Def.'s Br. 2).

In November of 2003, Plaintiff and Defendant entered into a two year Sales and Marketing Agreement ("Agreement"). (Compl. ¶ 13). Under the Agreement, Plaintiff granted Defendant the exclusive sales and marketing rights to Power Ox. (*Id*. at ¶ 14). In exchange, Defendant agreed to market and sell Power Ox. (*Id*.). Plaintiff alleges that Defendant secretly developed a competing in-home Palm-based pulse oximetry test named E-IDTF. Plaintiff also alleges that Defendant began marketing E-IDTF to all existing Power Ox customers beginning on April 4, 2005. (*Id*. at ¶ 18-19). In addition, Plaintiff also alleges that Defendant made false statements to Power Ox customers.[1]

Defendant disputes Plaintiff's claims and alleges that Plaintiff refused to perform further software development without Defendant agreeing to a retroactive pay increase on each Palm device sold. (Def.'s Br. 5). Defendant asserts that they refused to accede to Plaintiff's demand

---

[1]Plaintiff claims that Defendant provided false and misleading information concerning its product, the supposed affiliation of its product with Power Ox, and provided false information concerning Plaintiff and Power Ox, including the false allegation that Power Ox did not comply with federal regulations. (Compl. ¶ 27). Plaintiff also claims that Defendant told Power Ox customers that "[i]nterruptions in service could occur should this [replacing Power Ox with E-IDTF] not be carried out immediately." (Compl. ¶ 26).

and Plaintiff retaliated.[2]   Defendant further alleges that they began to develop a competing system "in an effort to protect its business from [Plaintiff's] competition (and to protect its customers from the type of service disruption that ultimately ensued)."  (Def.'s Br. 7).  Defendant hired AppForge, Inc. ("AppForge"), a company based in Atlanta, Ga, in January 2005, to develop oximeter testing system.  (*Id.*).  On April 13, 2005, Plaintiff informed Defendant that its conduct violated the Agreement.  (Compl. ¶ 31).  Defendant denied that it breached the Agreement.  (*Id.* at ¶ 32).

The Sales and Marketing Agreement provided that [the contract]:

Shall be construed and performance thereof governed by the laws of the State of Alabama, USA and may not be changed or modified or released, discharged, abandoned, or otherwise terminated in whole or in part, except by an instrument in writing signed by a duly authorized officer of each of Newco and Letco.

(Def.'s Br. Ex. B).

Plaintiff filed its Complaint on April 27, 2005 seeking money in excess of $75,000.  The Defendant then filed this Motion to Transfer Venue.

Defendant argues that public and private factors necessitate a transfer of venue because the litigation has little connection to Michigan.  (Def.'s Br. 7-8).  Defendant also argues that venue in Alabama is more appropriate and convenient for the parties and witnesses.  (*Id.* at 10-13).  Defendant states that most of the witnesses are from Alabama or Georgia, while only two are from Michigan, (*Id.* at 12), and that the operative facts occurred in Alabama.  (*Id.* at 13-14).

---

[2]Defendant claims that on March 15, 2005, Plaintiff shut down the Power Ox website intentionally, but turned it on later that same day.   (Def.'s Br. 6).  Defendant also claims that Plaintiff sent an email to all of Defendant's customers "falsely claiming that [Defendant] 'informed [Plaintiff] that it would no longer market the Power Ox' as well as urging Defendant's customers to 'upgrade' to the new Web Ox by offering the upgrade 'at no additional cost for the duration of the Power Ox contracts.'" (*Id.*).

3

Defendant further avers that the Agreement between the two parties is governed by the laws of the State of Alabama.  (*Id*. at 17).

Plaintiff argues that Defendant failed to show that fairness and practicality strongly favor the forum to which transfer is sought.  Plaintiff contends that its choice of forum is given significant weight and that the other factors do not weigh substantially in favor of transfer.  (Pl.'s Resp. 5).  Plaintiff alleges that Defendant is simply trying to shift the inconvenience from one party to the other.  (*Id*. at 6).  Plaintiff also argues that the residence of key witnesses is more important than the number of witnesses in one jurisdiction.  (*Id*.).  Plaintiff contends that both venues are inconvenient for non-party witnesses. (*Id*. at 7).  Plaintiff further contends that the critical events occurred in both places.  (*Id*. at 7).   Finally, Plaintiff argues that Alabama choice of law is not a determinative factor due to the simplicity of the common law claim. (*Id*. at 8).

## II.   ANALYSIS

### A.   Legal Standard

District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to "prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Helder v. Hitachi Power Tools, USA Ltd.*, 764 F. Supp. 93, 95-96 (E.D. Mich. 1991) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964).  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In making this decision, the Court must determine whether: "(1) the action could have been brought in the proposed transferee-court; (2) a transfer would promote the interests of justice; and (3)  a transfer would serve the

parties' and the witnesses' convenience." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d

934, 936 (E.D. Mich. 2001) (citing *United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06

(E.D. Mich. 2000.  The movant bears the burden of demonstrating that "fairness and practicality

strongly favor the forum to which transfer is sought." *Id.* (quoting *Rowe v. Chrysler Corp.*, 520

F. Supp. 15, 16 (E.D. Mich. 1981)).  The movant must make this showing by a preponderance of

the evidence.  *Id.* (citing *Int'l Union, U.A.W. v. Aluminum Co. of Am.*, 875 F. Supp. 430, 433

(N.D. Ohio 1995)).

> **B.     Analysis**
>
> > ***1. Private Interest Factors***

In assessing a motion brought under § 1404(a), the Court must take into account the

following factors: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3)

the relative ease of access to sources of proof; (4) the availability of processes to compel

attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical

problems associated with trying the case most expeditiously and inexpensively; and (7) the

interest of justice." *McNic Oil & Gas Co. v. Ibex Resources Co.*, 23 F. Supp. 2d 729, 738-39

(E.D. Mich. 1998) (quoting *Helder*, 764 F. Supp. at 96).  In short, "the Court may consider any

factor that may make any eventual trial 'easy, expeditious, and inexpensive.'" *Helder*, 764 F.

Supp. at 96 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

> > *a.        Deference to Plaintiff's Choice of Forum*

When analyzing party convenience, a plaintiff's choice of forum will be given substantial

deference.  *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1023 (E.D.

Mich. 2002) (citing *Grand Kensington LLC v. Burger King Corp.*, 81 F. Supp. 2d 834, 836 (E.D.

5

Mich. 2000)).  The relative size and resources of the parties is also a consideration in assessing inconvenience to the parties. *Country Maid, Inc. v. Haseotes*, 312 F. Supp. 1116, 1118 (E.D. Pa.1970).  "A plaintiff's chosen forum, however, is not sacrosanct, and will not defeat a well-founded motion for a change of venue." *Thomas*, 131 F. Supp. 2d at 937 (citing *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 399 (E.D. Mich. 1994)).  This is especially true where a plaintiff has little or no connection to the chosen forum.  *United States v. Cinemark USA, Inc.,* 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999).  In such a case, the plaintiff's reason for choosing and remaining in the forum is diminished and thus should be given less weight.  *Id.*  In making this determination, the Court should be mindful that "a transfer is not appropriate if the result is simply to shift the inconvenience from one party to another." *Audi AG*, 204 F. Supp. 2d at 1023 (citing *Evans Tempcon, Inc. v. Index Indus., Inc.*, 778 F. Supp. 371, 377 (W.D. Mich. 1990)).

In the instant case, Plaintiff has substantial connections to the Eastern District of Michigan and, as a result, its choice of forum is entitled to substantial deference.   Plaintiff is a Michigan company with its principal offices in the Eastern District of Michigan.  (Pl.'s Compl. ¶ 2).  Defendant has not responded to nor presented evidence to refute this assertion.

The size of the parties is also a consideration.  *Country Maid*,  312 F. Supp. at 1118.  Here, neither party is an individual, although, Plaintiff is a company of one while Defendant is substantially larger. As such, Plaintiff has substantial connections with the Eastern District of Michigan and its choice of forum is entitled to deference under the § 1404 analysis.

       *b.*    *Witness Related Factors*

Witnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a).  *Thomas*, 131 F. Supp. 2d at 937 (citing *Hunt v.*

6

*TACA Int'l Airlines, S.A.*, No. 93-3723, 1994 WL 285023, at *2 (E.D. La.) (unpublished).  In fact, federal courts have considered convenience of the witnesses to be "[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. § 1404(a)."  *McNic Oil*, 23 F. Supp. 2d at 739 (quoting 15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d §* 3851 (2d ed. 1986)).  In weighing the convenience of the witnesses, residence of the key witnesses is more important than the raw number of witnesses living in a particular jurisdiction.  *Id.* (citing *SMI-Owen Steel Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 113 F. Supp. 2d 1101, 1105 (S.D. Tex. 2000)).  Likewise, "in determining whether witness inconvenience warrants a change of venue, a court should not be persuaded merely by the number of prospective witnesses residing in a particular location, but rather by the materiality of their anticipated testimony."  *Raymond Danto, Associates, Inc v. Arthur Little, Inc,* 316 F. Supp. 1350, 1357 (E.D. Mich 1970).  "To substantiate a claim of inconvenience to witnesses, a party should provide each witness's name and a summary of the anticipated testimony to enable the court to assess the significance of the testimony."  *Steelcase, Inc. v. Mar-Mol Co.*, 210 F. Supp.2d 920, 940 (W.D. Mich. 2002).  One chief witness's convenience, in fact, may outweigh the convenience of additional, less significant witnesses.  *McNic Oil*, 23 F. Supp. 2d at 739.  Courts in the Eastern District of Michigan have held that "convenience of witnesses who are also employees is considered as part of a motion to transfer and is not discounted."  *Verve, L.L.C. v. Becton Dickinson & Co.,* 2002 WL 551031, at *7-8 (E.D. Mich. March 29, 2002) (unpublished) (citing *Thomas*, 131 F. Supp. at 938-39).

        Defendant argues that party and non-party witness-related factors weigh in favor of a transfer to the Northern District of Alabama.  (Def.'s Br. 12).  Defendant argues that it is more

convenient for Plaintiff's two party witnesses to travel to Alabama than for Defendant's eight

party witnesses to travel to Michigan.[3]  (*Id*. at 12).  Further, Defendant argues that the

convenience of non-party witnesses is more important than party witnesses.  (*Id.* at 12).

Defendant cites *Gundle Linin Construction Corp v. Fireman's Fund Insurance Co.* for the

proposition that "[i]t is the convenience of non-party witnesses, rather than employee witnesses .

. . that is the more important factor and is accorded greater weight."  844 F. Supp. 1163, 116

(S.D. Tex. 1994).  Using that rule, Defendant argues that it is more convenient for the three non-

party witnesses who reside in Georgia to have the case heard in Alabama.  Further, Defendant

states:

> All of the parties and their witnesses knowledgeable about the substantive facts
> underlying Newco's Complaint claims reside in either Alabama or Georgia. This
> includes all of the individuals who have personal knowledge of the underlying
> technology relating to the allegedly competing product (IDTF), the development
> of the IDTF, the facts which precipitate the development of the IDTF, as well as
> the functionality and use of the IDTF.

(Def.'s Br. 13).  Finally, Defendant argues that convenience of material witnesses is of

considerable importance.  (*Id*. at 13).  Defendant cites *Firestone v. Galbreatth*, 722 F. Supp.

1020, 1029 (S.D. N.Y. 1989).

Plaintiff responds that neither party is favored by this factor and argues that the residence

of the key witnesses is more important than the number of witnesses.  (Pl.'s Resp. 6).  Plaintiff

states that Mr. Rudowski of Newco and Mr. Letson of Letco are the key witnesses in this case.

---

[3]Specifically, Defendant lists key party witnesses as Laura Dunn, Vonda Grayson, Meg
Grubbs, James Letson, Mickey Letson Paula Rhodes and John Hacker, who are all from
Alabama and are likely to testify.  (Def.'s Br. 12; Letson Aff. ¶ 34).   Chuck Jackson is listed as
an additional party witness who resides in Florida.  *(Id.*). Defendant states that Plaintiff only has
two party witnesses who reside in Michigan, Ron Colcernian and Bob Rudowski.  (*Id*.).

(*Id.*, 7).  Mr. Rudowski lives in Michigan and Mr. Letson lives in Alabama.  (*Id.*).  Plaintiff cites *Audi AG v. D'Amato*, 341 F. Supp.2d 734, 750 (E.D. Mich. 2004).

In its Reply, Defendant argues that Plaintiff's assertion that many key events took place in Michigan, is unsupported and therefore carries no weight in the analysis.  (Def.'s Reply 4). Defendant cites *Thomas v. Home Depot, U.S.A., Inc*., 131 F. Supp.2d 934 (E.D. Mich. 2001) (stating that the court refused to consider the convenience the witnesses because the plaintiff failed to explain the material testimony that its witnesses would provide).

In the instant case, Defendant identified several key party and non-party witnesses by title who will testify in this case.  Defendant argues that it is more convenient to have two party witnesses travel than eight.  The Court may consider party witnesses' inconvenience even though they are employed by Defendant.  *Audi AG*, 341 F.Supp.2d at 750-51.  Therefore, more witnesses for Defendant supports a transfer of venue.  Additionally, Defendant identified the materiality of its witnesses' testimony, (Letson Aff. ¶ 34), which also supports a transfer of venue.

Regarding its non-party witnesses,  Defendant does not state in its pleadings why it is more inconvenient for the non-party witnesses to travel to Michigan rather than Alabama. Defendant only argues that Michigan has little or no connection to the operative facts in the case and is "patently inconvenient."  (Def.'s Br. 13).  This misstates the analysis for this factor [4] and weighs against transfer.

---

[4]The distance between Birmingham, Al and Atlanta, GA, where AppForge is located, is roughly 157 miles.  A cursory search, however, shows that a flight to Detroit, MI from Atlanta is only an hour longer than a flight to Birmingham, AL.  The distance between Birmingham and Atlanta does not make travel more convenient to the non-party witnesses and does not support a transfer of venue.

Plaintiff, on the other hand, has identified three party witnesses and two non-party witnesses, but has not given a summary of the anticipated testimony of its witnesses. Defendant's argument is correct that Plaintiff's assertion should be given little weight. "Only when the Court is armed with [a summary of anticipated testimony] can it properly assess the convenience of the witnesses." *Thomas*, 131 F.Supp.2d at 937. In the instant case, without a summary of the anticipated testimony of Plaintiff's party and non-party witnesses, it is difficult for the Court to judge the materiality of the testimony and balance Plaintiff's interest for this factor.

Summarily, the Defendant showed that it would be more convenient for its party witnesses to transfer the case to the Northern District of Alabama based on the raw number of witnesses, the Plaintiff failed to provide the materiality of its witnesses, and the Defendant failed to state reasons why transfer would be more convenient for its non-party witnesses. Accordingly, the Court should find that Defendant has not satisfied its burden of showing, by a preponderance of the evidence, that the witness related factors weigh in favor of a transfer.[5]

c.      *Access to Sources of Proof*

Defendant first contends that a disproportionate amount of the documents regarding the development of the E-IDTF are at Defendant's place of business in Alabama. (Def.'s Br. 14). Additionally, Defendant argues that a plaintiff's choice of forum is less relevant because Michigan has little connection to the transaction which brought about this cause of action. (*Id.*).

---

[5]It is also important to note that Plaintiff's key witness, Mr. Rudowski, lives in Michigan and could suffer great hardship if the case in moved to Alabama. "Mr. Rudowski runs two small businesses . . . . He does not have back-up support available to operate the businesses properly if he is required to attend trial in Alabama for more than a few days." (Pl.'s Resp. 3-4).

10

Defendant's cite *Sheet Metal Workers National Pension Fund v. Gallagher*, 669 F. Supp. 88 (S.D. NY. 1987) ("Transfer is not precluded where operative facts have some connection to initial forum if transferee district has stronger connection with operative facts raised in pleadings."). Plaintiff responds that the location of documents are a minor consideration and that the critical facts occurred in both Alabama and Michigan. (Pl.'s Resp. 7).

A "fundamental principle" guiding the Court's analysis is that "litigation should proceed "in that place where the case finds its 'center of gravity.'" *Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 609 (E.D. La. 2000) (quoting *Teknkron Software Sys, Inc. v. Cornell Univ.*, 1993 WL 215024, at * 7 (N.D. Cal. June 14, 1993) (unpublished)). While "the location of physical evidence such as the wreckage of a crashed plane ought to be given more weight in the balancing analysis under § 1404(a) . . .[,] the location of documentary evidence is a minor consideration." *Cinemark*, 66 F. Supp. 2d at 890 (quoting *Picker Intern., Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 574 (N.D. Ohio 1998)).

In the instant case, most documents regarding E-IDTF's development are located at Defendant's place of business in Alabama. While the location of documentary evidence is minor, Plaintiff does not state what evidence, if any is in Michigan. Plaintiff argues only that "the critical facts likely occurred both places." (Pl.'s Resp. 7). When viewing the pleadings, Plaintiff's allegations seem to place most of the critical facts in Alabama. Plaintiff's complaint states that Defendant secretly developed a competitive good (Compl. ¶ 18), marketed the good to existing Power Ox customers, (*Id.* at ¶ 21), sent correspondence to existing customers telling them to immediately download Defendant's E-IDTF software, (*Id.* at ¶ 22), and repeatedly provided false and misleading information "concerning its product, the supposed affiliation of its

product with Power Ox, and false information concerning [Plaintiff] and Power Ox . . ." (*Id.* at ¶ 27). If these allegations are true, then they took place in Alabama and not in Michigan. Plaintiff does not allege that Defendant traveled to Michigan to commit the above acts. Plaintiff's complaint makes no mention of any acts in Michigan related to its causes of action. Accordingly, the Court should find that this factor weighs in favor of Defendant. However, given the ease of transmission of documents by wire, this factor is not significant to the Court's analysis.

d. *Availability of Process to Compel Unwilling Witnesses*

Plaintiff argues that non-party witnesses are located across the country and that neither district court can compel their attendance. (Pl.'s Resp. 8). Defendant argues that more witnesses are subject to process in Alabama because there are more witnesses in Alabama. (Def.'s Reply 3).

"The amenability of significant nonparty witnesses to subpoena at the respective forums is an important factor to be considered." 17-111 Moore's Federal Practice § 111.13(1)(g). "A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district in which the hearing or trial is being held, or at any place within 100 miles of such district." *Id*.

The Court finds Plaintiff's argument to be more convincing. The fact that Defendant's employees are subject to the Northern District of Alabama's subpoena power is not an important factor because they are party witnesses and could easily be compelled by Defendant to testify. Thus, this factor would weigh in Defendant's favor if Defendant's non-party witnesses were less than 100 miles from the Northern District of Alabama. However, it is unclear whether

Defendant's non-party witnesses reside more than 100 miles from the Northern District of Alabama.  As a result, this factor favors neither party because neither party can compel its non-party witnesses.

*e.      Cost of Obtaining Willing Witnesses*

Defendant asserts that its witnesses would have to travel from Alabama, Florida, Georgia, Tennessee, Texas and Louisiana and that it would cost a considerable amount more to fly them to Michigan than to Alabama.  (Def.'s Br. 15; Def.'s Reply 3).  Plaintiff's response is silent on this issue.

Defendant has more potential witnesses than Plaintiff and most of Defendant's witnesses reside in southern states.  However, Plaintiff is a much smaller company and considering its size, the cost to transport witnesses may be a greater strain.  But, because Plaintiff has not responded to the issue and has not adequately explained the materiality of its witnesses testimony, it is difficult to know which witnesses would have to travel.  On the other hand, Defendant did not explain how traveling costs would be more expensive if venue remained in Michigan.  Defendant only stated that if litigation remains in Michigan, "the costs of willing witnesses is . . . greater . . . because of greater travel costs for more witnesses traveling greater distances." (Def.'s Reply 3). A simple search for airfares, however, reveals that the cost to fly from Atlanta to Birmingham is much greater than a flight from Atlanta to Detroit.  Accordingly, this Court concludes that this factor does not weigh in favor of either party.

*f.      Interests of Justice*

Defendant argues that all operative events which give rise to this dispute occurred in Alabama.  (Def.'s Br. 15).  Defendant contends that it is contrary to the interests of justice to

13

force Defendant to litigate in Michigan, which lacks a substantial nexus to the cause of action. (*Id*.). Plaintiff asserts that relevant facts occurred in both places. (Pl.'s Resp. 8).

Neither party put forth a new argument for this factor. Defendant claims that it is in the interests of justice to transfer venue, but Defendant disregards that Plaintiff has a connection to the chosen forum because it is a Michigan corporation and its choice of forum is given substantial deference. Plaintiff again argues that relevant facts occurred in both places without putting forth facts that would support that assertion. The Court finds that this factor favors neither party.

### 2.      *Public Interest Factor*

#### a.      *Familiarity with State Law*

Defendant argues that the public interest favors transfer to Alabama because of the choice of law clause in the contract. (Def.'s Br. 16-17). Plaintiff responds that complex issues of law are not involved in this case and therefore the case should not be transferred. (Pl.'s Resp. 8).

"It is axiomatic that the construction of state law is best given to a court most familiar with it." *Detroit Coke v. NKK Chem. USA, Inc*., 794 F. Supp. 214, 219 (E.D. Mich. 1992). Little or no weight should be given to the factor when there is no complex question of state law. *Steelcase, Inc. v. Mar-Mol Co., Inc*, 210 F. Supp.2d 920, 941 (W.D. Mich. 2002) (citing *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (holding that Florida law was not a significant concern in the transfer analysis due to the simplicity of common law fraud and breach of contract claims)).

In this case, the public interest favors transfer due to the Alabama choice of law clause.

14

The instant case, however, does not involve a complex issue of state law and, therefore, the case is also properly before this Court. Consequently, this court should give no weight to this factor.

**III.     CONCLUSION**

The Defendant bears the burden of proving why a court should transfer the action and the burden is a heavy one. In light of the factors discussed above, the Court finds that the burden was not met. Accordingly, the Court DENIES Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. This case will be heard in the Eastern District of Michigan.

**SO ORDERED**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 24, 2005.

s/Jonie Parker
Case Manager

15